UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**HOWARD LEON HAYNIE,**

                               **Plaintiff,**

   vs.                                                             **1:25-CV-306**

                                                                                      **(MAD/TWD)**

**NEW YORK STATE CHILD SUPPORT
ENFORCEMENT AGENCY,**

                                 **Defendant.**
_____

**APPEARANCES:**                               **OF COUNSEL:**

**HOWARD LEON HAYNIE**
New Boston, Illinois 61272
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On March 9, 2025, Plaintiff Howard Leon Haynie commenced this action, *pro se*, against Defendant New York State Child Support Enforcement Agency.[1] *See* Dkt. No. 1. Plaintiff alleges that Defendant suspended his Commercial Driver's License ("CDL") without notice and an opportunity to be heard, improperly calculated child support, and reported inaccurate arrears to credit reporting agencies, all in violation of his constitutional rights pursuant to 42 U.S.C. § 1983. *See id.* Plaintiff also moved to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2.

On April 3, 2025, Magistrate Judge Therese Wiley Dancks issued a Report-Recommendation and Order granting Plaintiff's IFP motion and recommending that Plaintiff's

---

[1] The Court interprets Plaintiff's complaint to name the New York State Division of Child Support Enforcement as the Defendant in this action.

1

complaint be dismissed without prejudice. *See* Dkt. No. 5. The next day, on April 4, 2025, Plaintiff filed objections. *See* Dkt. No. 6.

"Generally, when a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review." *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 683 (N.D.N.Y. 2015) (citing FED. R. CIV. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C)). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Id.* (quoting N.D.N.Y. L.R. 72.1(c)) (footnote omitted). "When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review." *Id.* at 684 (citations omitted). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review." *Id.* (footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As Plaintiff is proceeding *pro se*, the Court must review their complaint under a more lenient standard. *See Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003). The Court must "make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Thus, "a document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S.

97, 106 (1976)). "Although the court has the duty to show liberality towards pro se litigants, . . . there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994) (internal citations omitted).

Plaintiff objected to all aspects of Magistrate Judge Dancks' Report-Recommendation and Order. Plaintiff's objections are specific enough that the Court will review the issues *de novo*.

First, Magistrate Judge Dancks concluded that Eleventh Amendment immunity bars Plaintiff's complaint because the Defendant, New York State Division of Child Support Enforcement, is an agency of the state. *See* Dkt No. 5 at 6-7. Plaintiff argues that his claims are not barred by Eleventh Amendment immunity because "Plaintiff challenges ongoing constitutional violations by state officials in their official capacity, which is permissible under *Ex parte Young*, 209 U.S. 123 (1908)." Dkt. No. 6 at 2. Plaintiff describes his complaint as seeking "prospective relief to rectify procedural due process violations and ongoing harm caused by administrative actions." *Id.* He also contends that "the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, provides a framework for addressing the accuracy of credit reporting, further supporting Plaintiff's claims that sovereign immunity should not shield violations of federal law." *Id.*

"The Eleventh Amendment generally bars suits in federal court by private individuals against non-consenting states." *Leitner v. Westchester Cmty. Coll.*, 779 F.3d 130, 134 (2d Cir. 2015) (citing *Port Authority Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990)). "This immunity from suit encompasses not just actions in which a state is actually named as a defendant, but also certain actions against state agents and instrumentalities, including actions for the recovery of money from the state." *Id.* (citations omitted). The agency Plaintiff seeks to sue,

the New York State Division of Child Support Enforcement "is an agency of the State of New York; it is, thus, an arm of that state and enjoys Eleventh Amendment immunity." *Lions v. New York State Off. of Child Support Enf't*, No. 1:24-CV-7181, 2025 WL 81421, *3 (S.D.N.Y. Jan. 10, 2025) (citation omitted).

"The doctrine of *Ex Parte Young* is a limited exception to the general principle of sovereign immunity and allows 'a suit [for injunctive relief] challenging the constitutionality of a state official's actions in enforcing state law' under the theory that such a suit is not 'one against the State,' and therefore not barred by the Eleventh Amendment." *CSX Transp., Inc. v. New York State Off. of Real Prop. Servs.*, 306 F.3d 87, 98 (2d Cir. 2002) (quotation omitted). The *Ex parte Young* doctrine "does not apply when the state is the real, substantial party in interest." *Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255 (2011) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984)) (additional quotation and quotation marks omitted); *see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (explaining that *Ex parte Young* has "no application in suits against the States and their agencies, which are barred regardless of the relief sought"). "[A] plaintiff seeking prospective relief from the state must name as defendant a state official rather than the state or a state agency directly." *Santiago v. New York State Dep't of Corr. Servs.*, 945 F.2d 25, 32 (2d Cir. 1991). Because Plaintiff names only a state agency as a Defendant, the *Ex parte Young* doctrine does not apply, and Plaintiff's complaint is barred by Eleventh Amendment immunity.

Plaintiff argues in his objections that Defendant should not be protected by sovereign immunity because there are federal statutes which permit lawsuits raising claims like those Plaintiff seeks to bring. *See* Dkt. No. 6 at 2. Plaintiff cites the Fair Credit Reporting Act as an example. *See id.* The Fair Credit Reporting Act, which was enacted "to require that consumer

reporting agencies adopt reasonable procedures for meeting the needs of commerce . . .," is silent as to a state or state agency's sovereign immunity. 15 U.S.C. § 1681. "Eleventh Amendment sovereign immunity may be waived in two circumstances: when Congress abrogates state sovereign immunity through the Fourteenth Amendment, or when the state itself consents to suit." *Felix v. Cnty. of Nassau*, 344 F.R.D. 441, 444 (E.D.N.Y. 2023) (citing *College Sav. Bank v. Florida Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999)). Congress has not abrogated New York's sovereign immunity to suits brought under 42 U.S.C. § 1983, which is the statutory mechanism Plaintiff seeks to use to challenge the alleged constitutional violations. *See Salis v. Dopico*, No. 24-1066-CV, 2025 WL 880407, *2 (2d Cir. Mar. 21, 2025) ("State sovereign immunity was not abrogated by Section 1983, . . . and New York has not consented to Section 1983 suits in federal court") (citations omitted). As such, Plaintiff's complaint must be dismissed for lack of jurisdiction. *See Walker v. NYS Just. Ctr. for Prot. of People with Special Needs*, 493 F. Supp. 3d 239, 246 (S.D.N.Y. 2020) ("A claim that is barred by a state's sovereign immunity must be dismissed pursuant to the Eleventh Amendment for lack of subject matter jurisdiction") (citations omitted).

    In the alternative to recommending dismissal of Plaintiff's complaint on immunity grounds, Magistrate Judge Dancks discussed applicability of the *Rooker-Feldman* doctrine, *Younger* abstention, and the domestic relations exception to federal jurisdiction. *See* Dkt. No. 5 at 8-11. Plaintiff does not object to Magistrate Judge Dancks' recitation of the law concerning the doctrines; rather, he objects only to their application to his claims. *See* Dkt. No. 6 at 2-3. The Court finds no clear error in Magistrate Judge Dancks' explanation of the *Rooker-Feldman* doctrine, *Younger* abstention, and the domestic relations exception.

"'Underlying the *Rooker-Feldman* doctrine is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions.'" *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (quoting *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)).  Plaintiff argues that he is not challenging a state court decision or judgment, but is "challeng[ing] the constitutionality of administrative enforcement actions, such as CDL suspension and wage garnishment[.]"  Dkt. No. 6 at 2.  Plaintiff avers that "[t]his distinction is consistent with *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), which limits the doctrine's scope to direct appeals of state court judgments."  *Id.*

Magistrate Judge Dancks correctly explained that "'[c]ourts have applied [the *Rooker-Feldman*] doctrine to bar claims challenging the enforcement of child-support orders by garnishment, seizure, and suspension of a child-support debtor's driver's license.'"  Dkt. No. 5 at 8 (quoting *Ganiyu v. Lopez*, No. 1:19-CV-11605, 2020 WL 1467356, *3 (S.D.N.Y. Mar. 25, 2020) (collecting cases)).  However, to the extent Plaintiff is not challenging a state court decision judgment, but an administrative determination, he is correct that the *Rooker-Feldman* doctrine would not apply.  *See In re Chaitan*, 517 B.R. 419, 426 (Bankr. E.D.N.Y. 2014) ("*Rooker-Feldman* only strips federal courts of jurisdiction over cases filed after a state court renders a judgment; it is inapplicable to administrative decisions"); *Mitchell v. Fishbein*, 377 F.3d 157, 165 (2d Cir. 2004).

If Plaintiff has previously been engaged in family court proceedings concerning child support or the suspension of his license which resulted in a decision he does not agree with, the *Rooker-Feldman* doctrine would likely bar this Court's exercise of jurisdiction over any past orders.  Additionally, *Younger* abstention would prevent this Court from intervening in ongoing

proceedings. *See Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 100 (2d Cir.2004) ("The doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971), and its successors[,] forbids federal courts from enjoining ongoing state proceedings").

Regardless of whether Plaintiff seeks to challenge judicial or administrative determinations, the domestic relations abstention doctrine, supports this Court's decision to decline consideration of the merits of Plaintiff's complaint. *See* Dkt. No. 5 at 10-11. In Magistrate Judge Dancks' Report-Recommendation and Order, she referred to the domestic relations exception. *See* Dkt. No. 5 at 10. In the past few years, courts have articulated a distinction between the domestic relations *exception* and *abstention* doctrines in light of the Second Circuit's decision in *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990), and the Supreme Court's decision in *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Essentially, "[f]ederal district courts must [] *abstain* from exercising their federal-question jurisdiction over claims involving domestic-relations issues and dismiss those types of claims for *lack of jurisdiction* when they are asserted under diversity jurisdiction." *Ganiyu*, 2020 WL 1467356, at *4 (citing *Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019)).

Here, Plaintiff brings this action under federal question jurisdiction because he alleges constitutional violations pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. Although Plaintiff is from Illinois and seeks to sue a New York agency, it is not evident that he seeks damages in excess of the amount-in-controversy requirement for diversity jurisdiction and he specifically checked a box indicating that the basis of jurisdiction in his complaint is "federal question." Dkt. No. 1-1 at 1; *see also Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) ("The diversity statute confers original jurisdiction on the federal district courts with respect to 'all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs, and is between . . . citizens of different States'") (quoting 28 U.S.C. § 1332(a)). Therefore, the Court will consider whether it should abstain from exercising jurisdiction over Plaintiff's complaint, rather than applying the domestic relations exception. The Second Circuit has stated that "a federal district court should abstain from exercising its federal-question jurisdiction over claims in which it is 'asked to grant a divorce or annulment, *determine support payments*, or award custody of a child. . . .'" *Id.* (quoting *American Airlines*, 905 F.2d at 14) (emphasis added). That is "unless [Plaintiff] shows that there is an obstacle that prevents him from receiving a full and fair determination of those issues in the state courts . . . ." *Id.*; *see also Deem*, 941 F.3d at 623.

Plaintiff would likely be able to challenge the child support arrears and CDL suspension in state courts. He has not asserted otherwise. Plaintiff alleges in his complaint that he did not receive notice that his CDL was going to be suspended, nor did he have the opportunity to challenge any alleged arrears resulting in the suspension. *See* Dkt. No. 1 at 2. In New York, "an obligor whose driving privileges were suspended did not actually receive the required notice, he or she 'may at any time request a review' from the [support collection unit ("SCU")]." *Ganiyu*, 2020 WL 1467356, at *5 (quoting N.Y. Soc. Serv. Law § 111-b(12)(f)). "If the SCU determines that the obligor either 'has not accumulated' four months of support arrears, or that he or she meets any of the requirements in N.Y. Soc. Serv. Law § 111-b(12)(e) for avoiding suspension (such as making a payment arrangement or demonstrating income below certain levels), then the SCU must notify the DMV that the suspension of driving privileges must be terminated." *Id.* (citations omitted). "If the child-support obligor is unsuccessful in that administrative challenge, he or she may seek state-court judicial review under Article 78." *Id.* (citing, *inter alia*, N.Y. Veh. & Traf. Law § 510(4-e)(4)); *see also Simmons v. NYS Dept of Soc. Servs.*, No. 19-CV-3633, 2019 WL

8

5810307, *6 (S.D.N.Y. Nov. 5, 2019) ("If, as a result of random and unauthorized action, a child support obligor does not receive the required notice, New York law also provides an opportunity for review and termination of the suspension if the obligor makes the required showing"); *Sekou Camera v. New York City Dept of Soc. Servs.*, No. 24-CV-5886, 2024 WL 4107256, *2 (E.D.N.Y. Sept. 5, 2024).

Plaintiff does not explain why he cannot challenge the suspension of his CDL or the garnishment of his wages in state court. Plaintiff's claims concern child support payments and actions taken because of purported defaults on those payments. *See* Dkt. No. 1. Consideration of the validity of the decision to hold Plaintiff in arrears and suspend his CDL are domestic relations matters that courts have consistently left to be handled by state courts. *See Ganiyu*, 2020 WL 1467356, at *4-5; *Southerland v. Banks*, No. 15-CV-6088, 2015 WL 9581818, *2 (E.D.N.Y. Dec. 30, 2015). Accordingly, this Court will abstain from intervening in those matters at this time.

Plaintiff raises a separation of powers issue between Defendant and the judiciary in his objections. *See* Dkt. No. 6 at 4. He did not, however, allege any such claim in his complaint which means the issue was not before Magistrate Judge Dancks. *See* Dkt. No. 1. "The court notes that it is well-established . . . that a district court generally will not consider new arguments raised for the first time in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 51 (E.D.N.Y. 2015) (collecting cases). As Plaintiff did not allege any claim concerning whether non-judicial entities, such as Defendant, have certain authority, the Court will not consider that claim in reviewing the Report-Recommendation and Order.

Finally, as to whether Plaintiff should be permitted to amend his complaint, the Court concludes in the affirmative. "'A pro se complaint is to be read liberally. Certainly[,] the court

should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court cannot exercise jurisdiction over Plaintiff's complaint because he names a state agency as the only Defendant and that agency is protected from suit by Eleventh Amendment immunity. Even if Defendant was not immune from suit, the Court would likely abstain from reviewing Plaintiff's claims that challenge child support-related decisions. However, because Plaintiff is *pro se* and has yet to amend his complaint, the Court will afford him the opportunity to do so.[2]

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report-Recommendation and Order (Dkt. No. 5) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that Plaintiff may file another amended complaint within **THIRTY (30) DAYS** of the date of this Order, and should Plaintiff file another amended complaint, the Clerk of the Court shall return this case to Magistrate Judge Dancks for review; and the Court further

---

[2] Should Plaintiff choose to amend his complaint, the Court encourages Plaintiff to review case law holding "that the availability of an Article 78 proceeding to challenge the allegedly unlawful or improper revocation or suspension of a driver's license, with or without pre-deprivation notice or a hearing, typically constitutes an adequate procedural remedy." *Forjone v. Dep't of Motor Vehicles*, 414 F. Supp. 3d 292, 303-04 (N.D.N.Y. 2019) (collecting cases); *see also Gudema v. Nassau Cnty.*, 163 F.3d 717, 725 (2d Cir. 1998).

**ORDERS** that, if Plaintiff fails to file another amended complaint within **THIRTY (30) DAYS** of the date of this Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case without further order of the Court; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order upon Plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: April 23, 2025
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge