UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HOWARD LEON HAYNIE,

                             **Plaintiff,**

  vs.                                            1:25-CV-306
                                                        (MAD/TWD)

NEW YORK STATE CHILD SUPPORT
ENFORCEMENT AGENCY,

                             **Defendant.**

---

**APPEARANCES:**                           **OF COUNSEL:**

**HOWARD LEON HAYNIE**
General Delivery
Willcox, Arizona 85643
Plaintiff *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

# ORDER

On March 9, 2025, Plaintiff Howard Leon Haynie commenced this action, *pro se*, against Defendant New York State Child Support Enforcement Agency ("Child Support Enforcement Agency" or "Agency").[1] *See* Dkt. No. 1. Plaintiff alleges a violation of his Fourteenth Amendment rights, pursuant to 42 U.S.C. § 1983, arising from actions taken by Defendant on February 19, 2023, "including suspension of [his] Commercial Driver's License ("CDL") and garnishment of wages without notice or opportunity to contest." Dkt. No. 8 at 1-2. Plaintiff also

---

[1] Plaintiff refers to Defendant as any "[s]tate official[] responsible for the enforcement actions described in [his] complaint, to be specifically identified through discovery. These include: . . . state officials tasked with initiating and overseeing CDL suspensions related to child support enforcement[, s]tate officials responsible for initiating wage garnishment procedures[, and o]ther unknown state officials involved in administrative child support enforcement processes impacting Plaintiff." Dkt. No. 8 at 2.

1

contends Defendant inaccurately reported arrears to credit reporting agencies in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, "further damaging Plaintiff's financial standing and creditworthiness." *Id.* at 2. He argues that "state remedies, such as Article 78 proceedings, are insufficient to provide timely relief . . . as they fail to remedy systematic procedural deficiencies." *Id.* at 3. Plaintiff also moved to proceed *in forma pauperis*. *See* Dkt. No. 2.

On April 23, 2025, this Court adopted Magistrate Judge Therese Wiley Dancks' Report-Recommendation and Order dated April 3, 2025, granting Plaintiff's *in forma pauperis* motion and dismissing the complaint without prejudice and with leave to amend. *See* Dkt. No. 7. On April 27, 2025, Plaintiff filed an Amended Complaint. *See* Dkt. No. 8.

On June 16, 2025, Magistrate Judge Dancks issued a second Report-Recommendation and Order reviewing the Amended Complaint and recommended that it be dismissed without leave to amend. *See* Dkt. No. 12. The next day, on June 17, 2025, Plaintiff filed objections. *See* Dkt. No. 13.[2]

When a party files specific objections to a magistrate judge's recommendations, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). To be specific, the objection must "'identify [1] the portions of the proposed findings, recommendations, or report

---

[2] On June 10, 2025, the Court mailed Plaintiff a copy of Magistrate Judge Dancks' Text Order which reviewed Plaintiff's motion to compel court action on his Amended Complaint, that stated: "[T]he Court is in the process of completing that initial review. The timing requirements set forth in FRCP 4(m) are held in abeyance until the initial review is complete and the Court permits the matter to proceed. The Court will issue its determination . . . in due course." Dkt. Nos. 10, 11. However, it was returned to the Court as undeliverable on July 8, 2025. *See* Dkt. No. 14 ("Envelope reads 'Return to Sender. Unclaimed. Unable to Forward'"). As the Court has now ruled on the sufficiency of Plaintiff's Amended Complaint, his motion is moot.

2

to which it has an objection and [2] the basis for the objection.'" *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 683 (N.D.N.Y. 2015) (quoting N.D.N.Y. L.R. 72.1(c)) (footnote omitted). "When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Lebron v. McGinnis*, No. 05-CV-1370, 2010 WL 2652215, *2 n.1 (N.D.N.Y. June 25, 2010) (citations omitted). "'[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review.'" *Id.* (quoting *Vega v. Artuz*, No. 97-CV-3775, 2002 WL 31174466, *1 (S.D.N.Y. Sept. 30, 2002)). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As Plaintiff is a *pro se* litigant, the Court must afford "'special solicitude' by interpreting a complaint filed *pro se* 'to raise the strongest claims that it suggests.'" *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). A *pro se* complaint, while potentially "'inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quotation omitted). However, this right "does not exempt a party from compliance with relevant rules of procedural and substantive law[.]'" *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted).[3]

Plaintiff objected to all aspects of Magistrate Judge Dancks' Report-Recommendation and Order. *See* Dkt. No. 13. Some of the objections reiterate allegations made in his Amended Complaint, while others address issues that Magistrate Judge Dancks did not entertain due to her

---

[3] The April 3, 2025, Report-Recommendation and Order set forth the legal standard for review under 28 U.S.C. § 1915; therefore, the Court assumes Plaintiff's familiarity with the same. *See* Dkt. No. 5 at 3-5.

3

recommendation that this Court lacks jurisdiction over Plaintiff's claims. *See id.*; *see also* Dkt. No. 12 at 7-8. Those portions of the Report-Recommendation and Order will be reviewed for clear error. Plaintiff also objects to the application of the domestic relations abstention doctrine and the exhaustion of state remedies, which are specific enough that the Court will review these issues *de novo*. *See* Dkt. No. 13.

As for Plaintiff's first objection, he contends that this Court has federal question jurisdiction over his claims because the alleged conduct violates his constitutional rights under the Fourteenth Amendment. *Id.* at 2. Magistrate Judge Dancks recommended that the Court abstain from exercising jurisdiction over Plaintiff's claims because they involve domestic relations issues. *See* Dkt. No. 12 at 4. Reviewing Plaintiff's Amended Complaint *de novo*, the Court agrees.

Under the domestic relations abstention doctrine, "[f]ederal courts [must] abstain from exercising their federal-question jurisdiction over claims involving domestic-relations issues" unless the plaintiff can show there is "an obstacle that prevents him from receiving a full and fair determination of those issues in the state courts." *Ganiyu v. Lopez*, No. 1:19-CV-11605, 2020 WL 1467356, *3 (S.D.N.Y. Mar. 25, 2020) (citing *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990)); *see also United States v. Windsor*, 570 U.S. 744, 766 (2013) ("'[R]egulation of domestic relations' is 'an area that has long been regarded as a virtually exclusive province of the States'") (citing *Sosna v. Iowa*, 419 U.S. 393, 404 (1975)); *Swinea v. Peters*, No. 1:24-CV-1517, 2025 WL 1819710, *4 (N.D.N.Y. July 2, 2025).

The domestic relations abstention doctrine encompasses "cases involving the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992); *see also Cashman v. Rosenberger*, No. 1:05-CV-0640, 2005 WL 1331127, *2 (N.D.N.Y. June 1, 2005) (noting that, for over a century, the Supreme Court has held that "'the whole subject of the

4

domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States'") (quoting *Ex parte Burrus*, 136 U.S. 586, 594 (1890)).  The domestic relations abstention doctrine can apply even where the plaintiff "style[d] some of [the] claims as raising constitutional issues, but the allegations stem from a state domestic relations matter. . . ."  *Guichardo v. Barraza*, No. 16-CV-1222, 2016 WL 3541547, *3 (E.D.N.Y. June 23, 2016).

Here, Plaintiff seeks to bring this action under federal question jurisdiction because he alleges constitutional violations pursuant to 42 U.S.C. § 1983.  *See* Dkt. No. 8.  The Second Circuit has noted in recent cases a difference between "domestic relations exception" and the "domestic relations abstention doctrine."  *Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019).  The "domestic relations exception" applies to diversity jurisdiction cases, *Ankenbrandt*, 504 U.S. at 692, while the "domestic relations abstention doctrine" applies to federal question jurisdiction cases, *Mochary v. Bergstein*, 42 F.4th 80, 89 (2d Cir. 2022) (citing *Am. Airlines, Inc.*, 905 F.2d at 12).  Because Plaintiff seeks to bring his claims under federal question jurisdiction, Magistrate Judge Dancks was correct in considering whether the Court should *abstain* from exercising jurisdiction over the complaint, rather than applying the domestic relations exception.  *See* Dkt. No. 12 at 4.

Plaintiff argues in his objections that the domestic relations abstention doctrine was incorrectly applied because he "does not seek modifications of child support orders, but challenges unlawful administrative enforcement actions."  Dkt. No. 13 at 2.  However, it has been held that federal courts should abstain from matters involving the enforcement of domestic relations decisions.  *See Ganiyu*, 2020 WL 1467356, at *4; *see also Southerland v. Banks*, No. 1:5-CV-6088, 2015 WL 9581818, *2 (E.D.N.Y. Dec. 30, 2015).  In *Ganiyu*, the plaintiff's wages

5

were garnished, his property was seized, and his driver's license was suspended due to his child-support debt. *See Ganiyu*, 2020 WL 1467356, at *4. In that case, the court held the claims involved domestic relations issues. *See id.* "[U]nless [the plaintiff] shows that there is an obstacle that prevents him from receiving a full and fair determination of those issues in the state courts, [the court] must abstain from exercising its federal-question jurisdiction over his claims arising from the Family Court's order *and its enforcement*." *Id.* (citing *Am. Airlines, Inc.*, 905 F.2d at 14; *Simmons v. NYS Dep't of Soc. Servs.*, No. 19-CV-3633, 2019 WL 5810307, *4 n.2 (S.D.N.Y. Nov. 5, 2019)) (emphasis added); *see also Southerland*, 2015 WL 9581818, at *2 ("[The] plaintiff challenges *the enforcement* and effect of his child support obligations, and although he invokes his constitutional rights and federal statutes, the essence of his allegations concern state law domestic relations matters") (emphasis added). In this case, state officials at the Child Support Enforcement Agency allegedly "suspended Plaintiff's CDL" and "initiated wage garnishment" for child support arrears as a means of enforcement. Dkt. No. 8 at 2. Because Plaintiff's contentions arise from an enforcement action relating to child support owed by Plaintiff, they necessarily fall under the domestic relations umbrella. Thus, this Court will abstain from exercising jurisdiction in this case.

In his Amended Complaint, "Plaintiff asserts that state remedies, such as Article 78 proceedings, are insufficient to provide timely relief or address constitutional violations, as they fail to remedy systemic procedural deficiencies." Dkt. No. 8 at 3. Magistrate Judge Dancks concluded that the available state remedies are adequate, and Plaintiff has not "made any effort to avail himself of [any] procedure." Dkt. No. 12 at 7. The Court, again, agrees.

"In general, a party is required to exhaust its administrative remedies before seeking judicial review of an agency decision, 'in part because of concerns for separation of powers (*i.e.*,

6

the need to limit judicial interference in the agency process) and the need to conserve judicial resources.'" *City of New York v. Slater*, 145 F.3d 568, 570 (2d Cir. 1998) (quoting *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996)) (additional citations omitted). "In New York State, a child-support debtor is entitled to the post[-]judgment remedies outlined in Article 52 of the New York Civil Practice Law and Rules ['CPLR']." *Ganiyu*, 2020 WL 1467356, at *5 (explaining the Article 52 administrative process). This procedure allows a debtor to object to enforcement orders and "[i]f the agency does not agree with the debtor's objection, the[y] may seek judicial review of the agency's determination in a proceeding brought in a state court under Article 78 of the New York Civil Practice Law and Rules ('Article 78')." *Id.* (citation omitted); *see also Smith v. New York Child Support Process Ctr.*, No. 1:19-CV-9266, 2019 WL 6312178, *3 (S.D.N.Y. Nov. 25, 2019).

"Article 78 of the New York CPLR permits a plaintiff to challenge state administrative action." *Cloister E., Inc. v. New York State Liquor Auth.*, 483 F. Supp. 3d 221, 237 (S.D.N.Y. 2020). "In New York State, 'an Article 78 proceeding is a perfectly adequate post[-]deprivation remedy,' where 'constitutional issues can be decided.'" *Laface v. E. Suffolk Boces*, 349 F. Supp. 3d 126, 161 (E.D.N.Y. 2018) (quoting *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881 (2d Cir. 1996)) (additional citation omitted); *see also Giglio v. Dunn*, 732 F.2d 1133, 1135 (2d Cir. 1984); *Locurto v. Safir*, 264 F.3d 154, 175 (2d Cir. 2001) ("An Article 78 proceeding . . . constitutes a wholly adequate post-deprivation hearing for due process purposes"). In addition to an Article 78 proceeding, "'[an] obligor may challenge the impending [driver's license] suspension directly with the [SCU], and, if he disagrees with its final determination, he may then seek redress in Family Court.'" *Ganiyu*, 2020 WL 1467356, at *5 (quoting *Collins v. Saratoga Cnty. Support Collection Unit*, No. 1:12-CV-0494, 2012 WL

7

2571288, *6 (N.D.N.Y. July 3, 2012)) (additional citation omitted).[4]

Plaintiff claims that "Defendants failed to provide notice and an opportunity to contest enforcement actions." Dkt. No. 8 at 3. In his objections, Plaintiff reiterates this allegation, asserting that the state failed to adhere to their "mandatory procedural protections required under New York law." Dkt. No. 13 at 3. Even assuming Plaintiff was denied the opportunity to contest the Agency's actions and/or was not given proper notice, "'due process' required by the [F]ourteenth [A]mendment is satisfied by the availability at the state level of an adequate post-deprivation hearing." *Kraebel v. New York City Dep't of Hous. Pres. & Dev.*, 959 F.2d 395, 404 (2d Cir. 1992). Beyond Plaintiff's conclusory assertions that the state remedies are "insufficient to address the severity of the harm and ongoing constitutional violations," Plaintiff fails to demonstrate why the state remedies are inadequate. Dkt. No. 8 at 4. Although Plaintiff summarily contends the state remedies are "insufficient" and arise from "systemic procedural deficiencies," the remedies are nonetheless available. *Id.*; *see also Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 84 (2d Cir. 2005) (holding that a failure to utilize administrative remedies are grounds for dismissal for lack of subject matter jurisdiction). As such, Magistrate Judge Dancks correctly concluded that the Court must dismiss Plaintiff's Amended Complaint in its entirety.

Plaintiff argues in his objections that Magistrate Judge Dancks "completely overlooks [his] argument that Defendants improperly exercised judicial authority in enforcing child support arrears without proper oversight, violating the separation of powers doctrine." Dkt. No. 13 at 4. Plaintiff raised a separation of powers issue in his objections to the first Report-Recommendation

---

[4] Magistrate Judge Dancks outlines this state remedy and its procedure in greater detail in the June 16, 2025, Report-Recommendation and Order. *See* Dkt. No. 12 at 6.

and Order. *See* Dkt. No. 6 at 4.  The Court previously held that the issue must be asserted in the complaint to be considered.  *See* Dkt. No. 7 at 9.  Plaintiff then raised the issue in his Amended Complaint and reiterates the argument in his objections.  *See* Dkt. No. 8 at 3; *see also* Dkt. No. 13 at 4-5.  However, as previously established, because Plaintiff's claims necessarily involve domestic relations issues—matters which are exclusively reserved for state courts—the Court finds no clear error in Magistrate Judge Dancks' recommendation to dismiss the Amended Complaint in its entirety and decision not to address Plaintiff's separation of powers claim.

Plaintiff further argues that Magistrate Judge Dancks "erroneously bars Plaintiff's claims under Eleventh Amendment immunity[.]" Dkt. No. 13 at 5.  However, Magistrate Judge Dancks did not address sovereign immunity.  *See generally* Dkt. No. 12.  In the June 16, 2025, Report-Recommendation and Order, Magistrate Judge Dancks recounted statements from this Court's April 23, 2025, Order that "'Plaintiff's complaint is barred by Eleventh Amendment immunity.'" *Id.* at 2 (quoting Dkt. No. 7 at 4).  Magistrate Judge Dancks' recitation of a prior decision does not merit an objection and Plaintiff's objection fails to address the currently pending Report-Recommendation and Order.  *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection").

Finally, Plaintiff objects to Magistrate Judge Dancks failure to "[a]ddress Defendants' [v]iolations of the Fair Credit Reporting Act[.]"  Dkt. No. 13 at 5.  "The FCRA is a federal consumer protection statute enacted by Congress to ensure that consumer reporting agencies adopt reasonable procedures to protect the accuracy and confidentiality of consumer credit information." *Stonehart v. Rosenthal*, No. 01-CV-651, 2001 WL 910771, *3 (S.D.N.Y. Aug. 13, 2001) (citing 15 U.S.C. § 1681b).  In *Simmons*, the plaintiff alleged "that [the d]efendants violated

9

his rights by reporting his child support arrears to credit bureaus[, which] could be construed as attempting to assert a claim under the" FCRA. *Simmons v. N.Y.S. Dept of Soc. Servs.*, No. 19-CV-3633, 2019 WL 5810307, *6 (S.D.N.Y. Nov. 5, 2019). The court held that because the plaintiff provided "no basis for concluding that [the d]efendants' reporting of the amount of child support arrears is unlawful[,]" the "[p]laintiff's allegations . . . fail to state a claim under the FCRA. . . ." *Id.* Similarly, here, Plaintiff failed to allege how Defendant "inaccurately reported arrears to credit reporting agencies" unlawfully, and consequently, his allegations fail to state a claim under the FCRA. Dkt. No. 8 at 3; *see Williams v. Scott*, No. 24-CV-4719, 2025 WL 1371664, *5 (E.D.N.Y. May 12, 2025) (holding that "given the utter conclusory nature of [the p]laintiff's claims against the[] . . . defendants," the plaintiff failed to "plausibly allege any claims . . . under the FCRA" and the claims must be dismissed with prejudice). Therefore, the Court finds no clear error in this part of Magistrate Judge Dancks' decision.

Ultimately, the matters of this case fall under the domestic relations umbrella, and thus, the Court must dismiss the Amended Complaint in its entirety. *See Deem*, 941 F.3d at 624 (quotation omitted) ("Even when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court"); *see also McClung v. Credit Acceptance Corp.*, No. 3:14-CV-1365, 2015 WL 5638223, *3 (N.D.N.Y. Sept. 24, 2015) ("[I]n determining whether federal question jurisdiction exists, [i]t is the nature of the cause[s] of action that is controlling") (additional quotations and quotation marks omitted). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction," the Court must dismiss the complaint without prejudice. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also Katz v. Donna Karan Co., LLC*, 872 F.3d 114, 121 (2d Cir. 2017) ("[S]uch a dismissal must be entered without prejudice"). "District courts generally grant a *pro se* plaintiff leave to amend a

10

complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend and has failed to cure the complaint's deficiencies."[5] *Simmons*, 2019 WL 5810307, at *7 (citing *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)) (additional citation omitted); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that if the problems with the causes of action are substantive, better pleading would not cure it).  Here, amendment would be futile because Plaintiff has not alleged any claims which would give the district court subject matter jurisdiction because the subject of his complaint relates to domestic relations matters—a topic over which the Court will abstain from interfering. Magistrate Judge Dancks' recommendation to deny leave to amend is appropriate.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report-Recommendation and Order (Dkt. No. 12) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's Amended Complaint (Dkt. No. 8) insofar as it raises claims under the Fair Credit Reporting Act is **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that the remainder of Plaintiff's Amended Complaint (Dkt. No. 8) is **DISMISSED without prejudice and without leave to amend**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

---

[5] The Court previously noted that if Plaintiff should choose to amend his complaint, he is encouraged to "review case law holding 'the availability of an Article 78 proceeding to challenge the allegedly unlawful or improper revocation or suspension of a driver's license, with or without pre-deprivation notice and a hearing, typically constitutes an adequate procedural remedy.'"  Dkt. No. 7 at 10 n.2 (quoting *Forjone v. Dep't of Motor Vehicles*, 414 F. Supp. 3d 292, 303-04 (N.D.N.Y. 2019)) (additional citation omitted).

11

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 4, 2025
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge